# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )      **No. 08 CR 944** |
| v. | )      **Judge Blanche M. Manning** |
| | ) |
| HELEN HAWKINS. | ) |
| | ) |

## MEMORANDUM AND ORDER

Defendant Helen Hawkins faces one count of embezzling from a Chicago charter school that focuses on at-risk teenagers. Specifically, the indictment alleges that while principal of Triumphant Charter School, Hawkins had use of a school-issued American Express credit card, but instead of limiting her purchases to school-related items, she also used the card for personal expenses exceeding $5,000. She has filed numerous pretrial motions. For the reasons stated, each motion is denied.

## I.     Motion for Discovery

### A.     Bill of Particulars

Hawkins asks the court to order the government to file a bill of particulars containing: (1) the exact time and date of each criminal occurrence; and (2) the exact street address and any physical description of the location of the occurrences. An indictment is legally sufficient if it provides enough information to (1) state each element of the crime charged, (2) provide adequate notice of the nature of the charges so that defendant can prepare a defense, and (3) preclude a second prosecution for the same offense. *See United States v. Fassnacht*, 332 F.3d 440, 446-47 (7th Cir. 2003). In determining whether the indictment sufficiently sets forth the elements of the offense, relevant factors include: (1) the complexity of the charged offense; (2) the clarity of the indictment;

and (3) the degree of discovery available in the absence of a bill of particulars. *United States v. Caputo,* 288 F. Supp. 2d 923, 925 (N.D. Ill. 2003). However, the indictment does not need to allege "every factual nugget necessary for conviction." *United States v. Smith*, 230 F.3d 300, 306 (7th Cir. 2000). "Once the elements of the crime have been specified, an indictment need only provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case." *Fassnacht*, 332 F.3d at 446.

The court has reviewed the superseding indictment and, in its discretion, agrees with the government that the indictment sufficiently sets forth the elements of the offense as to allow Hawkins to conduct her own investigation and prepare her defense. The indictment clearly alleges that Hawkins "did knowingly embezzle, steal, obtain by fraud, and otherwise without authority convert to her own use and the use of others, more than $5,000 in funds owned by and under the care, custody, or control of" Triumphant. It also alleges that the conduct occurred during the calendar year 2004, and that Hawkins' crime allegedly involved the use of an American Express card that was issued to her for making school-related purchases. It appears from Hawkins' motion that she believes she is also entitled to the exact date, time, and place of each of her allegedly illegal uses of her school's money. But, as discussed above, "[t]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981).

For these reasons, Hawkins pretrial motion for a bill of particulars is denied.

### B.     Pre-Trail Production of List of Witnesses

Next, Hawkins ask the court to order the government to provide her with the names and addresses of all of its witnesses. Neither the Constitution nor Federal Rules of Criminal Procedure

16 requires the government to provide a defendant in a non-capital case with a list of all prospective witnesses. *See United States v. Braxton,* 877 F.2d 556, 560 (7th Cir. 1989). However, the court may order the government to produce such a list if the defendant identifies a particularized need for it. *See United States v. Patel,* No. 01 CR 716, 2002 WL 1750948, at *2 (N.D. Ill. July 26, 2002).

In her motion, Hawkins has failed to offer any reason for needing the government's list of witnesses. Accordingly, she has not identified a particularized need for the information requested and the request is therefore denied.

### C. Motion for Witness Statements

Hawkins has also moved for the disclosure of government witnesses' statements pursuant to the Jencks Act. See 18 U.S.C. §3500. Under the Jencks Act, the government must turn over to the defendant statements or reports made by government witnesses, but only after that witness has testified on direct examination at the defendant's trial. *Id.* The government has nevertheless agreed to provide Hawkins with witness statements and reports two weeks before trial. Accordingly, because the government has agreed (without being required to do so) to provide Hawkins with witness statements two weeks before trial, the pretrial motion is denied as unnecessary.

### D. Rule 16 Materials

Next, Hawkins moves for the disclosure of her own statements as well as the statements of co-defendants, relevant documents and objects, reports of examinations and tests, and any other materials the government must produce under Federal Rule of Criminal Procedure 16 or Local Rule 16.1. The government has acknowledged its obligations under the pertinent rules and has indicated that it has already produced, and will continue to produce, the required discovery materials. Given the government's acknowledgment of its obligations and its commitment to continue to provide

discovery materials the court does not find it necessary to require the government to do more than it is already doing. Thus, the pre-trial motion for Rule 16 materials is denied as unnecessary.

## II.    Motion for Disclosure of Grand Jury Transcripts

Hawkins has moved under Federal Rule of Criminal Procedure 6(e)(3)(E)(i) for the production of transcripts from proceedings before the grand jury. The government has agreed to provide (and already has provided) transcripts of agent and witness testimony before the grand jury in this case, but Hawkins also wants "transcripts of all statements made to the grand jurors by the prosecutors, including colloquies when no witnesses were present." (Motion [15-1] at 1.)

Grand jury testimony is secret, and may be disclosed only to those persons (including criminal defendants) who can show a "particularized need." Fed. R. Crim. P. 6(e)(2); *Douglas Oil Co. v. Petrol Stops NW,* 441 U.S. 211, 222 (1979). In order to establish a particularized need, the defendant bears the burden of establishing that: (1) the materials sought are needed to avoid a possible miscarriage of justice; (2) the need for disclosure is greater than the need for secrecy; and (3) the request is structured to cover only those materials that are absolutely necessary to avoid an injustice. *Id.* at 222.

On its own, the government has agreed to provide Hawkins with transcripts of agent and witness testimony before the grand jury. But Hawkins wants *all* of the transcripts. However, once again Hawkins's motion makes no attempt to explain why she needs the discovery she has requested. As a result, she has not met her burden of identifying a particularized need for the transcripts they government has not already agreed to provide, and therefore her motion is denied.

**III.      Motion for Immediate Notice of Intention to Use 404(b) Evidence**

Hawkins also seeks immediate notice of the government's intention to use other crimes, wrong or acts evidence.  Federal Rule of Evidence 404(b) prohibits the use of evidence of other crimes, wrongs or acts to prove character, although it can be used for other relevant reasons such as proof of motive, opportunity, preparation, or identity.  *See United States. v. Smith,* 103 F.3d 600, 602 (7th Cir. 1996).  However, before using Rule 404(b) evidence, the government must first provide the defendant with reasonable advance notice.  Fed. R. Evid. 404(b).

The government has acknowledged its responsibility under Fed. R. Evid. 404(b) and it appears that the parties differ only on the date by which the government should make its disclosure—the government commits to disclosing the information two weeks before trial, while Hawkins wants the information immediately.  The rule requires only reasonable notice, and the court believes that requiring the government to disclose the information now, without a trial date even set, would be unreasonable.  Accordingly, Hawkins motion for immediate notice of the government's intention to use evidence of other crimes, wrongs or acts is denied.

## CONCLUSION

Accordingly, for the reasons stated above, the court denies each of Hawkins' pretrial motions [14-1], [15-1], and [16-1].


ENTER:

DATE:  March 24, 2009

*Blanche M. Manning*
_____
Blanche M. Manning
United States District Judge